UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

Mervin Gonsalves and Nalini Medina

**DOCKET NO.:**  2:17-cv-00944

Plaintiff

- against -

**COMPLAINT**

*Jury Trial Demanded*

Nassau County, Nassau County Police
Lieutenant Vincent E. Polera in his individual
and his official capacity, Nassau County
Police Detective Jeffrey P. Rios (#1041) in
his individual and official capacity, Nassau
County Police Detective Sgt. Scalone in his
individual and official capacity, Nassau
County Police Detective Carl M. Strange in
his official and individual capacity, Nassau
County Police Officers John and Jane Doe #
1-10 in their official and individual capacities,
Bath and Body Works, LLC, L Brand
Corporation, Lake Success Bath and Body
Works, Lake Success Bath and Body Works
employee Tammy Richards, and Lake
Success Bath and Body Works employee
Mark Khelawan, Lake Success Bath and
Body Works Employees John and Jane Doe
# 1-10,

Defendants
————————————————————X

     **PLAINTIFFS,** Mervin Gonsalves and Nalini Medina, by and through their

attorneys the LAW OFFICES OF CORY H. MORRIS, Cory H. Morris, P.C., as and

for their *Complaint* against the Defendants herein, state and allege as follows:

**PRELIMINARY STATEMENT**

1)      This is a civil action seeking monetary relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiffs' rights, harassment, abuse of process, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, slander, defamation, fraud, aiding and abetting fraud, civil rights law, executive law, civil conspiracy, vicarious liability, respondeat superior and negligence, brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and the 4th, 5th and 14th Amendment to the United States Constitution and New York State Law.

2)      Specifically, the Plaintiffs Mervin Gonsalves Nalini Medina allege that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiffs of their Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3)      Plaintiffs alleges that Defendants (collectively and individually), their agents, employees and servants employed force, falsely detained, maliciously prosecuted, falsely arrested, unlawfully harassed, summarily punished, confined, slandered, defamed, defrauded and harmed Plaintiffs Mervin Gonsalves and Nalini Medina.

4)      Further, Defendants deprived Mervin Gonsalves and Nalini Medina of their rights due to their race/color/national origin. Said failure by Defendants to properly

2

investigate alleged thefts, while improperly profiling and accusing minority customers, demonstrates a callous indifference towards Plaintiff and supports systemic violations of civil and due process rights among minority persons. The pattern of indifference by encourages employees to believe that they can abuse minority customers with impunity, and thus foreseeably led to the unjustified accusations, detainment, defamation of character, and intentional infliction of emotional distress both Mervin Gonsalves and Nalini Medina.

5)   Plaintiffs alleges that the Defendants (collectively and individually) used unreasonable detention and force against Plaintiffs Mervin Gonsalves and Nalini Medina and were grossly negligent in physically confining, falsely accusing and the subsequent prosecution of Plaintiffs (Mervin Gonsalves and Nalini Medina) and negligent, while in their custody, in their failure to protect the rights of Plaintiffs Mervin Gonsalves and Nalini Medina and failing to contact the NASSAU COUNTY POLICE DEPARTMENT or NASSAU COUNTY Police Department Internal Affairs Bureau and failing to investigate, remedy and/or prosecute the illegal actions of the Defendants as described herein.

6)   Defendants were grossly negligent, recklessly and/or intentionally breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiffs Mervin Gonsalves and Nalini Medina as further described below and, subsequent to the false conferment, fraudulent, slanderous and/or defamatory statements lodged against Plaintiffs by failing to appropriately investigate, reprimand and/or arrest Defendant NASSAU COUNTY POLICE OFFICERS Lieutenant Vincent E. Polera, Nassau County Police Detective Sgt. Scalone Nassau County Police Detective

3

Jeffrey P. Rios (#1041), Nassau County Police Detective Carl M. Strange and Nassau County Police Officers John and Jane Doe # 1-10, Lake Success Bath and Body Works employee Tammy Richards, and Lake Success Bath and Body Works employee Mark Khelawan, Lake Success Bath and Body Works Employees John and Jane Doe # 1-10,, as further described herein, for their false imprisonment, defamation, slander, abuse of process, fraud and conspiracy to commit fraud against Plaintiffs.

7) Plaintiffs further alleges that Defendants, NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT, (collectively and individually) were negligent in training, hiring and supervising its NASSAU COUNTY POLICE DEPARTMENT, employees, representatives, and/or agents. Specifically, NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT failed to investigate, arrest and act upon the utilization of false imprisonment, false arrest, defamation, slander, fraud, abuse of process, and false allegations of criminality and theft employed against Plaintiffs.

8) Moreover, Plaintiffs allege that Defendants NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT (collectively and individually) were deliberately indifferent to the need to train Defendant NASSAU COUNTY POLICE OFFICERS Vincent E. Polera, Jeffrey P. Rios (#1041), Nassau County Police Detective Sgt. Scalone, Detective Carl M. Strange and Nassau County Police Officers John and Jane Doe # 1-10, its Officers, Staff and Agents in its employ.

9) Accordingly, Defendants are liable to the Plaintiffs for abuse of process, false imprisonment, malicious prosecution, fraud, conspiracy to commit fraud, negligence defamation, slander and for conspiring to condone and encourage such civil rights

violations, failing to intervene against such illegalities against Plaintiffs, for conspiring to violate Plaintiffs' Civil Rights, and for maliciously failing to investigate, reprimand and/or punish the actions of the individual Defendants. Such actions were taken against Plaintiffs, upon information and belief, based upon Plaintiffs' race, color and/or national origin.

10)     As a result of the Defendants' actions (or lack thereof), Plaintiffs suffered pain, loss of employment, emotional scarring and suffering, were caused to undergo psychological treatment for injuries sustained at the hands of Defendants as a result of the abuse of process, fraud, defamation, slander, false arrest, false imprisonment and the continued illegal and malicious prosecution of Plaintiffs. Plaintiffs incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, loss of liberty, loss of good name and standing in the community, lost wages, loss of employment, emotional distress and other costs/expenses.

## JURISDICTION AND VENUE

11)     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

12)     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

13)     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in NASSAU COUNTY or QUEENS COUNTY, New York.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

14)     On or about November 22, 2016, Plaintiffs timely and properly served notice of claim on the Municipal Defendants in accordance with the General Municipal Law § 50-e.

15)     On December 29, 2016, NASSAU COUNTY Defendants (via Nassau County employee Andrew Kahl) scheduled the hearing and examination of Plaintiffs pursuant to General Municipal Law § 50-h to occur on January 23, 2017. This date was agreed upon between counsel because, *inter alia*, Plaintiffs were due to travel internationally.

16)     On January 23, 2017, both Plaintiffs Mervin Gonsalves and Nalini Medina appeared for their scheduled hearing pursuant to General Municipal Law § 50-h and NASSAU COUNTY did not proceed with an examination of Mervin Gonsalves and Nalini Medina.

17)     Mervin Gonsalves and Nalini Medina remain ready, willing and able to undergo an examination pursuant to General Municipal Law § 50-h.

18)     On February 20, 2017, ninety (90) days will have elapsed since the claim was presented.

19)     NASSAU COUNTY Defendants failed to adjust or make payment on the claim.

20)     This action has been timely commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

## PARTIES

21)     Plaintiff, Mervin Gonsalves ("Gonsalves") is a Guyanese male who is currently residing in QUEENS COUNTY, New York. Plaintiff was a regular customer of Bath and Body Works, LLC and the Lake Success Bath and Body Works. Plaintiff continues to purchase such products from Bath and Body Works, LLC locations other than the Lake Success location albeit Plaintiff was subject to discriminatory, humiliating and harassing conduct described herein.

22)     Plaintiff, Nalini Medina ("Medina") is a Guyanese female who is currently residing in QUEENS COUNTY, New York. Plaintiff Medina continues to purchase such products from Bath and Body Works, LLC locations other than the Lake Success location albeit Plaintiff was subject to discriminatory, humiliating and harassing conduct described herein.

23)     Both Nalini Medina and Mervin Gonsalves have dark skin and are of the Guyanese race. Nalini Medina is Plaintiff Mervin Gonsalves' mother. Both Nalini Medina and Mervin Gonsalves are referred to herein collectively as "Plaintiffs."

24)     At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY, is a municipality within New York State in receipt of federal assistance and was a recipient of federal funding at the time of the events complained of herein. Upon information and belief, Defendant NASSAU COUNTY was responsible for the municipal entity NASSAU COUNTY POLICE DEPARTMENT and its agents, assigns and employees.

7

25)     At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY POLICE DEPARTMENT, is a municipal entity within New York State, NASSAU COUNTY in receipt of federal assistance and was, upon information and belief, a recipient of federal funding at the time of the events complained of herein.

26)     Upon information and belief, Defendant NASSAU COUNTY POLICE DEPARTMENT was responsible for the its agents, assigns and employees including but not limited to Defendant NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041) in his individual and official capacity, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE and Defendant NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10. Collectively, these Defendants are referred to as "NASSAU COUNTY DEFENDANTS."

27)     At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA was employed by NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA (referred to hereinafter as "POLERA") is being sued in his individual and official capacities.

28)     At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041) was employed by NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant NASSAU COUNTY POLICE

8

DETECTIVE JEFFREY P. RIOS (referred to hereinafter as "RIOS") is being sued in his individual and official capacities.

29)    At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE (first name unknown) was employed by NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant NASSAU COUNTY POLICE DETECTIVE Sgt. Scalone (referred to hereinafter as "Scalone") is being sued in his individual and official capacities.

30)    At all times relevant in this Complaint, and upon information and belief, Defendant NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE was employed by NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT throughout the events complained of herein. Defendant NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE (referred to hereinafter as "STRANGE") is being sued in his individual and official capacities.

31)    At all times relevant in this Complaint, and upon information and belief, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 were employed by NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT throughout the events complained of herein. NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 are being sued in their individual and official capacities. Further, the aforementioned Defendants were acting under color of state law.

32)    Upon information and belief, Bath and Body Works, LLC d/b/a Bath and Body Works, a/k/a Bath and Body, with its corporate location at 7 Limited Parkway East

Reynoldsburg, Ohio 43068. Upon information and belief, the company is part of the L Brands Corporation, has over sixteen hundred (1600) locations, including multiple locations within the Eastern District of New York, and has annual revenue of over one billion dollars a year.

33) Bath and Body Works, LLC was and still is a domestic corporation organized and existing, upon information and belief, under the laws of the State of Ohio with its principal place of business situated in Ohio State.

34)     Upon information and belief, Bath and Body Works, LLC is part of L Brand Corporation having a corporate location at Three Limited Parkway Columbus, OH 43230. Upon information and belief, L Brand Corporation has more than 88,000 associates and recorded sales of $12.7 billion in 2015.

35)     Upon information and belief, Bath and Body Works, LLC and/or L Brand Corporation. exercises control and is responsible for the franchise Bath & Body Works located at LAKE SUCCESS SHOPPING CENTER, 1512 UNION TURNPIKE, NEW HYDE PARK, NY 11040 (hereinafter "Lake Success Bath & Body").

36)     Bath and Body Works LLC, L Brand Corporation and Lake Success Bath & Body are collectively referred to herein as "Bath and Body Works." Upon information and belief, at all relevant times herein, Bath and Body Works acted under color of state law when it  authorized and encouraged Bath and Body Work's employees (including its loss prevention employees) to perform the illegal actions against Plaintiffs and utilize law enforcement agents (here the Nassau County Police Department, NASSAU COUNTY DEFENDANTS) as further described herein.

37)     The above parties are subject to either diversity or personal jurisdiction over each of the non-domiciliary defendants for the pendent state law claims because each of them transacts business within the State of New York within the meaning of CPLR Section 302 and each of them committed a tortious act inside the State of New York or outside the State of New York causing injury within the State of New York within the meaning of the CPLR Section 302(a)(2) and 302(a)(3) and/or the non-domiciliary defendants do business in the State of New York.

38)     LAKE SUCCESS BATH AND BODY WORKS is located within the Lake Success Shopping Center, 1512 Union Turnpike, New Hyde Park NY 11040. The LAKE SUCCESS BATH AND BOTH WORKS is owned and, upon information and belief, operated, managed, and/or controlled in whole or in part by BATH AND BODY WORKS, LLC and/or the L BRAND corporation. BATH AND BODY WORKS, LLC is a chain of department stores in the United States with its headquarters located in Ohio. BATH AND BODY WORKS, LLC operates stores in New York. BATH AND BODY WORKS, LLC is a retailer of clothing, footwear, bedding, furniture, jewelry, beauty products, electronics, and housewares.

39)     Defendant LAKE SUCCESS BATH AND BODY WORKS is responsible for the employment of several individuals, including but not limited to Defendants LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10.

11

40)    LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS (hereinafter referred to as "TAMMY RICHARDS") is/was an employee of LAKE SUCCESS BATH AND BODY WORKS located within the Lake Success Shopping Center, 1512 Union Turnpike, New Hyde Park NY 11040. Upon information and belief, Defendant TAMMY RICHARDS was employed in loss mitigation or theft prevention for LAKE SUCCESS BATH AND BODY WORKS.

41)    LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN is/was an employee of LAKE SUCCESS BATH AND BODY WORKS located within the Lake Success Shopping Center, 1512 Union Turnpike, New Hyde Park NY 11040. Upon information and belief, Defendant MARK KHELAWAN is/was a store manager who "pre rung" items for Plaintiffs in the past and acted, in whole or in part, to perpetuate, *inter alia*, the fraud against the Plaintiffs.

42)    LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 is/were employees of LAKE SUCCESS BATH AND BODY WORKS located within the Lake Success Shopping Center, 1512 Union Turnpike, New Hyde Park NY 11040. Upon information and belief, these Defendants were responsible, in whole or in part, for, *inter alia*, committing fraud upon the Plaintiffs and providing false or misleading information to NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT.

43)    BATH AND BODY WORKS, LLC, L BRAND corporation, Defendant LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN and LAKE SUCCESS BATH AND BODY WORKS

EMPLOYEES JOHN AND JANE DOE # 1-10 are collectively referred to herein as "BATH AND BODY WORKS DEFENDANTS" and are the Defendants are liable to the Plaintiff for defamation, and for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish actual shoplifters, while wrongfully and falsely accusing certain customers of crimes simply because of their national origin/race/color. Defendants are liable to the Plaintiffs for maliciously fabricating, implementing and attempting to prosecute charges against the Plaintiffs.

## **FACTUAL ALLEGATIONS**

44)    On or about February 19, 2016, Plaintiffs Mervin Gonsalves and Nalini Medina were acting in a lawful manner. Neither Mervin Gonsalves or Nalini Medina were not engaged in any wrongdoing.

45)    Plaintiffs were both frequent shoppers of Bath and Body Works and bought bulk items when such items were on sale or had reduced pricing.

46)    Bath and Body Works encouraged the purchase of sale items and Plaintiffs regularly received circulars and/or advertisements enticing Plaintiffs to purchase fragrance, beauty and other consumer items from Bath and Body Works.

47)    Bath and Body Works encouraged the purchase of sale items and utilization of gift cards to its customers, including but not limited to the Plaintiffs.

48)    Plaintiffs always paid for items purchased at Bath and Body Works; however, because of the size and frequency of Plaintiffs' purchases, managers and other Bath and Body Works employees (at multiple locations throughout New York) would arrange for certain large orders to be set aside and "pre rung" so that Plaintiffs purchase

13

a bulk order (usually consisting of hundreds of items) without the need to ring up each individual item.

49) Plaintiffs were encouraged to make such an arrangement with Bath and Body Works employees, BATH AND BODY WORKS DEFENDANTS, whereby Plaintiffs' items would be "pre rung" so that the store would not be burdened with long lines and delay during busy store hours. This process was encouraged by Bath and Body Works, BATH AND BODY WORKS DEFENDANTS, and would allow for a total price to be configured and products to be set aside so that Plaintiffs could simply purchase the items of which Plaintiffs desired without having to ring up each consumer item.

50) Bath and Body Works employees and BATH AND BODY WORKS DEFENDANTS encouraged the use of "pre rung" purchases and would aid Plaintiffs in making such orders and helping Plaintiffs physical load such orders onto a company cart.

51) On or about February 19, 2016, Plaintiff Mervin Gonsalves and Nalini Medina planned to purchase a large amount of consumer items from the Lake Success Bath and Body Works.

52) Plaintiffs Mervin Gonsalves and Nalini Medina previously spoke to the manager of the Lake Success Bath and Body Works, Defendant Mark Khelawan who did arrange for a bulk purchase to occur on or about February 19, 2016.

53) Plaintiff Mervin Gonsalves did arrive to the Lake Success Bath and Body Works on or about February 19, 2016 and was greeted by Tammy Richards, an employee and/or agent of Bath and Body Works.

14

54)     Prior to their arrival, upon information and belief, either Mark Khelawan or the NASSAU COUNTY Defendants did contact Plaintiffs and inform Plaintiffs via phone text communications (utilizing Mark Khelawan's cellular phone) that predesignated items were ready for purchase.

55)     Plaintiff Mervin Gonsalves did call Nalini Medina who then spoke to Tammy Richards. Tammy Richards understood that the products were set aside for purchase by another agent, employee or assign of Bath and Body Works. Tammy Richards told Plaintiffs that she spoke to Mark Khelawan who arranged the order.

56)   Upon information and belief, Tammy Richards knew and had reason to know that the Plaintiffs were not engaged in any wrongdoing and simply wished to purchase products from Bath and Body Works but Defendant Tammy Richards did work, encourage, assist, aid and abet to commit fraud upon Plaintiffs in engaging the Nassau County Police Department to falsely arrest Plaintiffs for theft even though no such theft was to occur.

57)   BATH AND BODY WORKS DEFENDANTS knew and had reason to know that the Plaintiffs did not intend to steal or engage in any wrongdoing.

58)   Defendants Bath and Body Works and Tammy Richards did engage in a scheme or collude with each other and the NASSAU COUNTY DEFENDANTS (collectively) to falsely arrest and prosecute Plaintiffs on the basis of their skin color, national origin and/or race.

59)   Tammy Richards knew and had reason to know that the Plaintiffs were not engaged in any wrongdoing and simply wished to purchase products from Bath and Body

Works as Plaintiffs had done many times before.

60)   Tammy Richards did assure Plaintiff Mervin Gonsalves that the products were "pre rung" and simply required payment from the Plaintiff. Defendant Tammy Richards did make this material representation to conceal the true purpose of having Plaintiffs arrested. Tammy Richards did this knowing that the Plaintiffs intended on purchasing products from BATH AND BODY WORKS DEFENDANTS.

61)   Tammy Richards did participate the "pre rung" process and did instruct Plaintiff Mervin Gonsalves to start loading the items (approximately eight hundred separate items) into his vehicle for transportation. Tammy Richards did physically help Plaintiff Mervin Gonsalves load such products in a further effort to perpetuate a scheme to defraud Plaintiff of his liberty and property.

62)   Tammy Richards knew and had reason to know that the Plaintiffs were lawfully purchasing such items but reported to both BATH AND BODY WORKS DEFENDANTS and the Nassau County Police Department, its agents, employees and assigns, that such items were stolen or to be stolen.

63)   Tammy Richards did provide Plaintiff Mervin Gonsalves a company cart from the back of the store for Plaintiff Gonsalves to start loading the items onto the company cart.

64)   Tammy Richards did provide Plaintiff Mervin Gonsalves about half of the "pre rung" products and did instruct Plaintiff Gonsalves that Bath and Body Works employees were preparing the rest of the purchase. Tammy Richards assisted in the loading the products for Mervin Gonsalves, helping Plaintiff Mervin Gonsalves to

16

assemble the large bags onto the company cart.

65)     Plaintiff Mervin Gonsalves did take the "pre rung" products and start loading the products into his vehicle when he was approached by an unknown person and told "Don't F---ing move."

66)     The NASSAU COUNTY POLICE DEPARTMENT defendants approached Plaintiff Mervin Gonsalves in plain clothes and did not identify themselves as law enforcement officers.

67)     Plaintiff Mervin Gonsalves did begin to fear for his safety and well being. He was subsequently searched and told that the unknown person was a law enforcement officer, part of NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT.

68)     Plaintiff Mervin Gonsalves was arrested and confined in the backseat of a green vehicle. Plaintiff Gonsalves was asked questions to which he voluntarily answered and complied with all of the directives of the individual(s) who he believed to be law enforcement agents.

69)     Plaintiff Mervin Gonsalves was told he was under arrest and forced to suffer over twenty (20) hours of incarceration.

70)     Simultaneously upon the arrest of Plaintiff Mervin Gonsalves, Plaintiff Nalini Medina at home, in her residence in Queens County, New York.

71)     On or about February 19, 2016, Plaintiff Nalini Medina was approached at her home by two men in suits. Her doorbell rang and she opened the door.

72)     Plaintiff Nalini Medina was told by these two men that they were law enforcement agents and that they wanted to speak to Nalini Medina about Plaintiff Mervin

17

Gonsalves. Plaintiffs later came to learn that one of these law enforcement agents were Defendant RIOS.

73)     Fearing for her son, Mervin Gonsalves, Plaintiff Nalini Medina invited the law enforcement officers into her home. She was dressed in a nightgown and invited the officers into her home because of the law enforcement officers' tone, demeanor and implication that Plaintiff Gonsalves was in harm or danger.

74)     Plaintiff Nalini Medina was questioned by the law enforcement officers, one being Defendant RIOS, about her shopping habits, her background and other questions that called for personal information.

75)     Plaintiff Nalini Medina complied with all the law enforcement officers' questions.

76)     Plaintiff Nalini Medina was then directed by the law enforcement officers to open her garage to which Plaintiff Medina complied. Defendant RIOS and the other law enforcement agent (Nassau County Police Officer John and Jane Doe # 1) began to rummage through Plaintiff Medina's personal belongings.

77)     Plaintiff Nalini Medina was told by Defendant RIOS that he was collecting evidence and told Plaintiff Medina to get dressed to go see her son.

78)     Defendants are responsible for taking four (4) boxes of consumer products, containing twenty-four (24) pieces each, totaling ninety-six (96) individual items, from Plaintiffs as evidence. Such items were lawfully purchased by Plaintiffs and have yet to be returned by Defendants.

79)     Plaintiff Nalini Medina was not told the condition of her son, that her son was arrested and, fearing for the safety of Plaintiff Gonsalves, Ms. Medina complied all of the Defendant officers' directives not knowing she was the subject of an investigation, would be arrested and had, *inter alia*, the right to speak to an attorney and remain silent.

80)     Defendants NASSAU COUNTY, RIOS and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1 knew and had reason to know that their statements and discussion with Plaintiff Medina would cause her great dismay and emotional grief as these Defendants led Plaintiff Nalini Medina to believe that her son had suffered injury, accident or was in some sort of danger.

81)     Plaintiff Nalini Medina quickly arranged herself and began to ask about her son, Plaintiff Gonsalves. Defendants refused to speak about Plaintiff Gonsalves and demanded that Plaintiff Medina accompany them to an unknown location.

82)     Plaintiff Nalini Medina was transported by NASSAU COUNTY DEFENDANT RIOS AND NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1 from QUEENS COUNTY to NASSAU COUNTY and was interrogated by DEFENDANTS.

83)     Plaintiff Nalini Medina was threatened, coerced and provided implications by several of NASSAU COUNTY DEFENDANTS that her son was in harm or danger.

84)     Plaintiff Nalini Medina was forced to sign a statement that was not true.

85)     Plaintiff Nalini Medina was threatened and coerced instead of being provided appropriate Miranda warnings.

19

86)     Plaintiff Nalini Medina was not provided counsel nor, upon information and belief, was she properly informed of her right to have counsel present prior to a police interrogation.

87)     Defendants, collectively, pursued Plaintiffs on the basis of Plaintiffs race, color and/or national origin.

88)     Upon information and belief, Plaintiff Nalini Medina was coerced to sign such statement because of the implied and overt threats of DEFENDANTS.

89)     Upon information and belief, Plaintiff Nalini Medina was coerced to sign such statement as part of the fraud and conspiracy to commit fraud by DEFENDANTS and to cover up the wrongdoing of Bath and Body Works as well as its employees.

90)     Plaintiff Nalini Medina was confronted by many NASSAU COUNTY DEFENDANT POLICE OFFICERS and told to sign the statement under duress, fear of imminent physical harm and fear to the still unknown condition of Plaintiff Gonsalves.

91)     Shortly thereafter, Plaintiff Nalini Medina suffered a panic attack and acute emotional distress.

92)     Plaintiff Nalini Medina was forced to undergo care and treatment at NuHealth Nassau University, Medical Center, 2201 Hempstead Turnpike, East Meadow, New York 11554.

93)     Throughout this ordeal, Defendants did imply but not share what condition, medical or otherwise, Plaintiff Gonsalves was in and Plaintiff Nalini Medina was in a constant state of fear, apprehension and concern for her son's safety.

94)    On or about February 20, 2016, Plaintiffs Nalini Medina and Mervin Gonsalves were arraigned in Nassau County, New York and released on their own recognizance.

95)    Plaintiffs never suffered an arrest prior to February 19, 2016. Both Plaintiffs did not have a criminal history prior to the events complained of herein.

96)    Plaintiffs Medina and Gonsalves were offered the same promotion(s) and paid the same price(s) as other Bath and Body Works customers yet Plaintiffs were treated differently, upon information and belief, on the basis of their race, color and/or national origin.

97)    Specifically, Plaintiffs were targeted by BATH AND BODY WORK DEFENDANTS who worked cooperatively with NASSAU COUNTY DEFENDANTS to arrest, assault, batter, defame, slander, initiate false criminal process, violate Plaintiffs' civil rights and perpetuate a fraud against Plaintiffs on the basis of their color, race and/or national origin.

98)    To date, Plaintiffs are without several items that were collectively taken by Defendants including but not limited to one hundred forty ($140) dollars cash from Plaintiff Mervin Gonsalves wallet and the aforementioned products that weren't returned (96 pieces of product).

99)    On or about February 20, 2016, Plaintiffs Nalini Medina and Mervin Gonsalves were charged with Grand Larceny in the Second Degree (a C Felony) and Conspiracy in the Fourth Degree (an E Felony).

100)    Mervin Gonsalves and Nalini Medina were both arrested without probable cause, arguable probable cause or reason to believe that the crime of Grand Larceny in the Second degree occurred.

101)    Defendants alleged that Mervin Gonsalves did steal property in excess of fifty thousand dollars without any basis in fact or law. Mervin Gonsalves was lawfully present the above mentioned Bath and Body location and did not possess a criminal mindset.

102)    Defendants alleged that Nalini Medina did steal property in excess of fifty thousand dollars without any basis in fact or law.

103)    Defendants stated that said theft of fifty thousand dollars or more occurred at 1526 Union Turnpike in New Hyde Park, New York when Defendants knew and had reason to know that no such theft occurred.

104)    Defendants did falsely arrest, utilized criminal process and maliciously prosecute Mervin Gonsalves and Nalini Medina albeit Defendants knew and had reason to know that both Mervin Gonsalves and Nalini Medina were not responsible for any crime and/or criminal activity.

105)    Bath and Body Work Defendants worked cooperatively with NASSAU COUNTY DEFENDANTS to arrest, assault, batter, defame, slander, initiate false criminal process and perpetuate a fraud against Plaintiffs on the basis of their color, race and/or national origin.

106)    Mervin Gonsalves did not engage in any wrongdoing or illegality, nor did Mr. Gonsalves engage in any behavior as alleged by Defendants Nassau County, Nassau

22

County Police Lieutenant Vincent E. Polera, Nassau County Police Detective Jeffrey P. Rios (#1041), Nassau County Police Detective Carl M. Strange, Nassau County Police Officers John and Jane Doe # 1-10, Lake Success Bath and Body, Defendant Lake Success Bath and Body employee Tammy Richards, and Defendant Lake Success Bath and Body employee Mark Khelawan.

107)   Defendants collectively alleged, without basis in fact or law, that Nalini Medina and Mervin Gonsalves operated in a conspiracy to steal and deprive the New Hyde Park Bath and Body Works (located at 1526 Union Turnpike North, New Hyde Park, New York) of monies amounting in over fifty-thousand dollars.

108)   Defendants falsely alleged that Nalini Medina and Mervin Gonsalves conspired to steal and profit without any probable cause or arguable probable cause.

109)   Defendants knew and had reason to know that both Nalini Medina and Mervin Gonsalves were not guilty of any crime and there was no probable cause to initiate criminal and/or civil process against Nalini Medina and Mervin Gonsalves for theft yet Defendants did initiate such criminal process and continued to prosecute both Nalini Medina and Mervin Gonsalves knowing that both were innocent of any wrongdoing.

110)   As a result of his arrest, Mervin Gonsalves was divested of his security license and fired from his place of employment. The stigma of his arrest as subsequent prosecution continues to adversely impact Mervin Gonsalves as further discussed below.

111)   Subsequent to Plaintiffs Nalini Medina and Mervin Gonsalves arraignment, a Grand Jury was convened on or prior to September 15, 2016 in the *People v. Nalina Medina*, Felony No. 4050/16 and *The People v. Mervin Gonsalves*, Felony No. 4046/16

112)    On or about September 15, 2016 NASSAU COUNTY did inform Plaintiffs that all charges were dismissed against them in the *People v. Nalina Medina*, Felony No. 4050/16 and *The People v. Mervin Gonsalves*, Felony No. 4046/16.

113)    Defendants actions resulted in the loss of Mervin Gonsalves' security license and/or ability to obtain a security license. This resulted in loss wages. Additionally, the Mr. Gonsalves' Fourth Amendment rights were violated not only when he was seized, searched and falsely imprisoned but when his cellular phone, his iPhone, was searched and utilized by Defendants.

114)    Defendants actions resulted in great emotional impact against Nalini Medina and Ms. Medina's Fourth Amendment rights were violated not only when she was seized, searched and falsely imprisoned but when her home/property was searched without a warrant.

115)    Although the felony complaints (Felony No. 4050/16 and Felony No. 4046/16) were dismissed against Plaintiffs Nalini Medina and Mervin Gonsalves, both were put under enormous stress of facing multiple years in jail, obtaining a criminal record and being labelled a felon. Plaintiffs were forced to incur the costs of paying for defense counsel and had to incur the expense and hardship in appearing for Court and defending against false accusations on several occasions.

116)    The criminal charges lodged against Plaintiffs were done so with malice, the Defendants knowing and having reason to know that there was no basis in law or fact to prosecute Plaintiffs.

117) All criminal charges were dismissed and, thus, terminated in favor of the Plaintiffs.

118) Nassau County, Nassau County Police Lieutenant Vincent E. Polera, Nassau County Police Detective Jeffrey P. Rios (#1041), Nassau County Police Detective Strange, Nassau County Police Officers John and Jane Doe # 1-10, Lake Success Bath and Body, Lake Success Bath and Body employee Tammy Richards, and/or Lake Success Bath and Body employee Mark Khelawan spread rumors and falsehoods, improperly conspired against Plaintiffs, conducted a fraud against Plaintiffs, initiated criminal proceeding(s) without probable cause against Plaintiffs, knowing or having reason to know that no probable cause existed against the Plaintiffs and that such allegations were defamatory and slanderous.

119) Defendants knew and had reason to know that no probable cause existed for the arrest of Plaintiffs and, thereafter, became aware that no probable cause existed for the continued incarceration and, later, prosecution of the Plaintiffs.

120) Rather than release Plaintiffs, Defendants did further convene a grand jury against Plaintiffs which found no true bill as further acknowledgement and proof that Defendants did arrest, charge and continue to initiated criminal process against Plaintiffs albeit no probable cause existed to believe that Plaintiffs had committed any crime or wrongdoing.

121) Defendants knew and had reason to know that, if found guilty of the aforementioned charges, collateral consequences such as stigma, disenfranchisement as a convicted felon, potential supervision and immigration consequences may have

followed Plaintiffs because of their race, color and/or national origin. Plaintiffs incurred the costs of retaining counsel and suffered through the continued hardship and humiliation of defending such false accusations in Court on several instances which caused Claimant great emotional distress.

122)   Such proceedings were commenced against Plaintiffs with malice and without probable cause and/or arguable probable cause against Plaintiffs.

123)   Plaintiffs pled not guilty and never faltered in protesting their innocence.

124)   Plaintiffs were facing felony criminal charges that could result in well over a year in jail should Plaintiffs be found guilty of said charge(s).

125)   As a result of Defendants' actions and inactions, Plaintiffs were forced to suffer physical harm, emotional harm, financial harm, stigma, loss of standing and reputation, loss of employment, loss of employment opportunities and permanent psychological injury as a result of the Defendants' (collective) conduct.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - MUNICIPAL LIABILITY**

126)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 125 of this *Complaint* with the same force and effect as though fully set forth herein.

127)   Prior to February 19, 2016 and since, Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, unauthorized detentions, abuse of authority, abuse of process and summary punishment by Police Officers of the NASSAU COUNTY, New York.

128)   Although such false detainments, abuse of authority, abuse of process, illegal use of force, summary punishment, and cooperation with civilians for false arrest(s) were improper, the NASSAU COUNTY POLICE OFFICERS involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the detentions, false arrests, targeting of minorities and abuses of processes were justified and proper. As a result, NASSAU COUNTY police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be false arrested, prosecuted or abused under circumstances not requiring the use of arrest and/or illegal restraint, and that such abuse and false detainments and summary punishment would in fact be permitted by the NASSAU COUNTY POLICE DEPARTMENT.

129)   In addition to permitting a pattern and practice of improper detentions, arrest and abuses in NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DEFENDANTS have failed to maintain a proper system of investigation of all incidents of unjustified arrests, abuses of authority, false detentions and improper use of criminal process by police officers.

130)   NASSAU COUNTY failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully arrest, abuse authority, use excessive force, falsely detain, prosecute and abuse civilians, and NASSAU COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway, therefore NASSAU COUNTY is liable under 42 U.S.C. § 1983 because NASSAU COUNTY has had actual and/or constructive knowledge of the patterns of

abuse, false detentions and abuses of process(es) against citizens by its police officers, employees, and/or agents in violation of the United State Constitution, and because of NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, false detention and false arrests, all in violation of the Plaintiffs' rights.

131)   NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT have maintained a system of review of unjustified seizures, batteries, detentions and abuses of process by police officers that has failed to identify the improper abuses of authority, false arrests, false detentions and the false initiation of criminal process by police officers and failed to subject officers who falsely arrest, detain, file improper criminal process, subject citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of NASSAU COUNTY to tolerate the improper abuses of authority, false detentions, abuses of processes illegal arrests and other wrongful actions by police officers.

132)   Further, NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers. NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and

neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

133)   Upon information and belief, specific systemic flaws in NASSAU COUNTY complaint and/or brutality review process include, but are not limited to, the following:

a.   Preparing reports regarding investigations of false detentions, store arrests, racially motivated stops, racially motivated arrests, and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.   Police officers investigating criminal misconduct, false arrests, false imprisonments, improper civilian arrests, false allegations of criminal misconduct systemically fail to credit testimony by non-police officer witnesses, systematically fail to credit non-police officer minority witnesses and uncritically rely on reports by police officers involved in the incident;

c.   Police officers investigating the arrest of minority and/or minority individuals incorrectly targeted fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.   Supervisory police officers at times issue public statements exonerating police officers for false arrest(s), illegal detentions, improper abuses of process, and use of unnecessary force and detention before the investigation of the incident by the police department has been completed;

e.   Reports in arrests of minorities and minorities suspected of shoplifting or theft are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

134)   The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT caused the Defendant Officers to believe that false detention, illegal arrests, abuse(s) of

29

process, the filing of false criminal process and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use illegal detention, false arrest and the abuse of process in situations where such process is neither necessary nor reasonable.

135)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

136)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
42 U.S.C. § 1983 - FALSE ARREST/FALSE IMPRISONMENT

137)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 136 of this *Complaint* with the same force and effect as though fully set forth herein.

138)   The accusations of wrongful actions leveled against Plaintiffs MERVIN GONSALVES and NALINI MEDINA were false.

139)   The detainment and physical restraint of NALINI MEDINA AND MERVIN GONSALVES without probable cause or legitimate reason therefore, and other wrongful

acts conducted against Plaintiff by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10, constituted a violation of Plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

140)  The aforementioned actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiffs to abuse of process, false imprisonment and summary punishment and execution, but failed to prevent same and breached their duty. Further, Defendants had a duty to refrain from summary punishment of the Plaintiffs on the basis of race, color and/or national origin and to intervene should the such violation(s) occur.

141)  As a consequence of Defendants' wrongful, inappropriate and/or illegal actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiffs were deprived of their freedom, was made to suffer emotion injuries, damage to their reputations, loss of employment, great pain and suffering, and were subjected to great fear, emotional scarring and terror and personal humiliation and

degradation, and continued to suffer mental and emotional distress as a result of the aforesaid unlawful conduct of the aforementioned Defendants.

142)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
42 U.S.C. § 1983 and New York Law - ABUSE OF PROCESS

143)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 142 of this *Complaint* with the same force and effect as though fully set forth herein.

144)   The Defendants, NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments

32

and other laws  in violation of 42 U.S.C. § 1983, constituting a conspiracy.

145)    Abuse of process is evidenced by Defendants refusal, delay, or intentional, deliberate and/or negligent prolonged detention and investigation of the incident surrounding the arrest, defamation, summary punishment and prosecution of the Plaintiffs MERVIN GONSALVES and NALINI MEDINA subsequent forcible restraint, detainment, hospitalization, initiation of criminal process, prosecution of Plaintiffs MERVIN GONSALVES and NALINI and continued prosecution of Plaintiffs when Defendants knew and had reason to know that there was no probable cause or arguable probable cause to do so.

146) Defendants  NASSAU    COUNTY,    NASSAU    COUNTY    POLICE LIEUTENANT  VINCENT  E.  POLERA,  NASSAU  COUNTY  POLICE  DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU  COUNTY  POLICE  DETECTIVE  CARL  M.  STRANGE,  NASSAU  COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND  BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 did force Plaintiffs to suffer Fourth Amendment Violations, summary pain and punishment insofar as Plaintiffs suffered a false arrest, abuse of process(es), racial targeting, defamation, theft of property and summary punishment and then were deprived of their 5th Amendment Rights (including but not limited to the right to the assistance of counsel, the right to remain silent and the

right against forced self-incrimination) and then subsequently arrested, processed, punished and criminally charged with false crimes by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10.

147)   The Defendants   NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 had a duty to conduct a prompt, full and fair investigation of the incident surrounding Plaintiffs MERVIN GONSALVES and NALINI targeting, the false investigation, the racially motivated store operations conducted resulting in Plaintiffs arrest as conducted by BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10, Plaintiffs' false imprisonment, summary punishment and the subsequent hospitalization of Plaintiff NALINI MEDINA yet the Defendants failed to properly review and conduct an investigation of the aforementioned Defendants, specifically Defendants NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS

(#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 in a timely manner for their unjust and unlawful actions.

148)    A lawful criminal process was perverted by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 in failing to investigate this matter and failing to present this matter to the Office of Civil Rights, the United States Attorney's office, the NASSAU COUNTY District Attorney's Office, and/or the Grand Jury for indictment.

149) Such actions were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

150)    As a direct and proximate result Plaintiff suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

151)   That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A FOURTH COUNT
### 42 U.S.C. §§ 1985 and 1986 - **Conspiracy to Commit Civil Rights Violations and Failure to intervene**

152)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 151 of this *Complaint* with the same force and effect as though fully set forth herein.

153)   Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 did intend and conspire to deprive Plaintiffs of their 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully detain, falsely imprison, employ force, defame, slander, deprive Plaintiffs of property and subject Plaintiffs to emotional pain and injury.

36

154)     Defendants    NASSAU    COUNTY,    NASSAU    COUNTY    POLICE
LIEUTENANT  VINCENT  E.  POLERA,  NASSAU  COUNTY  POLICE  DETECTIVE
JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE,
NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY
POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC,
LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY
WORKS  EMPLOYEE  TAMMY  RICHARDS,  LAKE  SUCCESS  BATH  AND  BODY
WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY
WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 did intend and conspire to deprive
persons of their 4th, 5th, and 14th Amendment rights, by acting in concert to unlawfully
detain, falsely imprison, employ force, harass, intimidate, deprive of liberty and subject
individuals such as the Plaintiffs to summary punishment in a pattern, practice,
widespread custom or policy of employing false process, false arrests, abuse of process,
targeting racial minorities for false petit larceny charges, targeting racial minorities for
false larceny charges and defaming/slandering persons whom they encounter in the
course of their duties.

155)   Further, NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT
VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS
(#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY
POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS
JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH
AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY

RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 did intend and conspire to deprive Plaintiffs of their 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to summarily punish Plaintiffs while not reporting, punishing and/or prosecuting the aforementioned violations visited upon the Plaintiffs by the aforementioned Defendants and further indifference when Plaintiffs collectively and individually demanded that charges be brought against the person(s) responsible for the harm done to Plaintiffs MERVIN GONSALVES and NALINI MEDINA.

156) Defendants NASSAU COUNTY, and NASSAU COUNTY POLICE DEPARTMENT did fail to train its agents, employees and assigns including but not limited to NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 in reporting, intervening, punishing and/or prosecuting the aforementioned violations visited upon Plaintiffs by the aforementioned Defendants and other persons who report violations of constitutional rights, harassment, abuse of process, defamation, slander, racial targeting unlawful force and other violations of law.

157) Additionally, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE,

NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 engaged in a pattern, practice, widespread custom, usage and/or policy of charging and prosecuting persons who make complaints, racial minorities who protest their innocence, falsely detained and/or falsely arrested persons and others who suffer physical abuse at the hands of Defendants (collectively and individually), who are subject to police illegalities and/or failing to intervene, remediate and/or appropriately respond to allegations of abuse by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10.

158)   Upon information and belief, the Defendants further deprived the Plaintiffs of their due process rights; specifically, by conspiring to unlawfully detain, falsely charge, summarily punish, humiliate, defame, slander and subject Plaintiffs MERVIN GONSALVES and NALINI MEDINA to great physical and emotional pain and injury without reason or justification, rule of law, and by further denying Plaintiffs their 5th Amendment rights via a conspiracy to cover the misconduct of said Defendants, officers and officials and to prevent Plaintiff's redress for Defendants' collective unlawful conduct against MERVIN GONSALVES and NALINI MEDINA causing the Plaintiffs to suffer and continue to suffer severe emotional harm and damage to their name and reputation.

159)   The actions by Defendants denied Plaintiffs their constitutional rights, including but not limited to due process under the law.  All of these rights are guaranteed to the Plaintiffs under U.S.C. §§ 1981, 1983, 1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

160)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiffs were deprived of their freedom, loss of good name, reputation, the ability to earn an income (MERVIN GONSALVES), deprived of property and was subjected to great fear, terror, personal humiliation and degradation.

161)   Plaintiffs NALINI MEDINA and MERVIN GONSALVES suffered and continued to suffer pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

162)   That by reason of the foregoing, Plaintiffs suffered and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A FIFTH COUNT
State and Federal Law - Malicious Prosecution

163)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 162 of this *Complaint* with the same force and effect as though fully set forth herein.

164)   The Collective Defendants, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE

DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 lacked reasonable suspicion to stop and detain Plaintiffs and further lacked any probable cause to arrest Plaintiffs; retain Plaintiffs; and/or cause Plaintiffs to be detained and prosecuted.

165) The Collective Defendants, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10, lacked arguable probable cause to arrest Plaintiffs; retain Plaintiffs; and/or cause Plaintiffs to be detained and prosecuted.

166) Further, if probable or arguable probable cause existed to arrest and/or prosecute the Plaintiffs, the Collective Defendants, Defendants NASSAU COUNTY,

NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10, knew or had reason to know that said probable or arguable probable cause to arrest Plaintiffs; retain Plaintiffs; and/or cause Plaintiffs to be detained and prosecuted dissipated and, therefore, was illegal and in contravention to Plaintiffs' constitutional rights.

167)  Without such probable cause, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 wrongfully used physical force to arrest and detain the Plaintiffs and/or caused Plaintiffs to be detained through the

42

use of physical force.

168)   Plaintiff was physically prevented from leaving the custody of Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10  and was kept there under the supervision and knowledge of the Defendants without access to their freedom, family, dignity, or home.

169)   This detainment of Plaintiffs violated the Plaintiffs' due process rights to be free from illegal arrest, illegal confinement and/or illegal seizure.

170)   Such detainment not only prevented Plaintiffs to be free from unconstitutional restraint but it also deprived Plaintiff NALINI MEDINA the ability to freely seek emergency medical assistance.

171) The subsequent malicious prosecution of Plaintiffs following their wrongful arrest, which was conducted by Defendants with knowledge that Plaintiffs was wrongfully stopped, targeted, falsely detained, assaulted, battered and wrongfully arrested, was committed by Collective Defendants under color of law, customs, usages and/or statutes of the State of New York.

43

172)   Under color of law, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 deprived Plaintiffs of their rights to protection from unlawful search and seizure by falsely charging Plaintiffs criminally and prosecuting the Plaintiffs pursuant to said criminal statutes, for which there was no evidence or substantiation of any kind to support the allegations.

173)   The accusations of wrongful actions leveled against Plaintiffs were false and were an attempt by the Collective Defendants, acting individually and collectively, to cover up the false arrest, racial targeting, improper use of shopkeeper's privilege, improper investigation of BATH AND BODY WORKS Defendants, improper investigation of NASSAU COUNTY DEFENDANTS and abuse of process which has been inflicted by Defendants, collectively, on Plaintiffs.

174)   The Defendants acted under color of law to deny Plaintiffs their constitutional rights to due process and freedom from seizure, by wrongfully detaining Plaintiffs under threat of imprisonment, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured to the

44

Plaintiffs.

175)   Defendants, collectively and individually initiated the prosecution of Plaintiffs and/or caused the initiation of Plaintiffs' prosecution based upon their affirmative bad-faith actions outlined above. Collective Defendants then caused the malicious prosecution of Plaintiffs to continue long after their arrest - due to their ongoing and collective malicious actions.

176)   As discussed above, the criminal prosecution of Plaintiffs was terminated in Plaintiffs' favor and/or by a finding of no probable cause with respect to every single charge falsely leveled upon Plaintiffs by a Grand Jury.

177)   As a consequence of Collective Defendants' wrongful actions, negligent behavior, and violation of state laws, Plaintiffs were deprived of their freedom, was made to suffer physical and emotional injuries, was caused to suffer special damages including but not limited to legal fees, loss of license/employment and medical costs; were subjected to great fear, terror, personal humiliation and degradation.

178)   As a direct and proximate result of the aforesaid acts by defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK

KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN

AND JANE DOE # 1-10, Plaintiffs were falsely and maliciously prosecuted by Defendants.

Consequently, Plaintiffs are entitled to compensatory damages, miscellaneous court

costs, and other awards as seen fit, in excess of ONE MILLION ($1,000,000.00)

DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this

Court may find just and proper.

## AS AND FOR A SIXTH COUNT
42 U.S.C. § 1981

179)    Plaintiffs repeat and re-allege each and every allegation contained in

paragraph 1 through 178 of this *Complaint* with the same force and effect as though fully

set forth herein.

180)    On June 28, 2013, Plaintiffs Mervin Gonsalves and Nalini Medina, sought

accommodations to conduct business with BATH AND BODY WORKS DEFENDANTS,

in the County of Nassau.

181)    Plaintiffs were about their intentions and made same known to Defendants

in that Plaintiffs, specifically MERVIN GONSALVES, sought accommodations to conduct

business with BATH AND BODY WORKS DEFENDANTS by shopping for and attempting

to purchase certain products from the LAKE SUCCESS BATH AND BODY WORKS on

that day at that time.

182)    Plaintiff MERVIN GONSALVES was ready, willing, and able to conduct

said business with BATH AND BODY WORKS DEFENDANTS, but was forcibly

prevented from conducting business and denied equal access to public accommodations

made available to white persons/customers that visit the LAKE SUCCESS BATH AND

46

BODY WORKS because of the color of his skin, that being dark brown, his race, that being Guyanese descent, and his national origin, that being Guyanese.

183)   Defendants knew Plaintiffs' race, color, and national origin and each was aware or should have been aware of Plaintiff's intent to conduct business and seek basic accommodations from LAKE SUCCESS BATH AND BODY WORKS, and be treated equally and provided equal opportunity as white patrons. However, Defendants, and all of them, denied MERVIN GONSALVES and NALINI MEDINA full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations due to their race, color, and national origin.

184)   As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiffs were prevented from receiving equal accommodations as provided to white persons and was prevented from engaging in transactions and business on equal terms as white persons. Instead, Plaintiffs were seized and falsely detained, deprived of their freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation. All of these rights are secured to Plaintiff under 42 U.S.C. § 2000a.

185)   That by reason of the foregoing, Plaintiffs NALINI MEDINA and MERVIN GONSALVES have been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR A SEVENTH COUNT
### 42 U.S.C. § 1981

186)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 185 of this *Complaint* with the same force and effect as though fully

set forth herein.

187)   The Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs, dark-skin toned citizens of Guyanese heritage,  of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments  and other laws  in violation of 42 U.S.C. § 1981.

188)   In derogation of their duty, Defendants, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the restrain, false imprisonment, illegal investigation, racial targeting, defamation, slander and/or malicious prosecution of Plaintiffs, and therefore are liable to Plaintiff for all direct and proximate results of said acts.

189)   On February 19, 2016, Plaintiff MERVIN GONSALVES, sought to conduct business and enter into a contract with LAKE SUCCESS BATH AND BODY WORKS, its

employees and representatives.

190) Plaintiff MERVIN GONSALVES was clear about his intentions and made same known to Defendants in that he sought to enter into a contractual relationship with BATH AND BODY WORKS DEFENDANTS by shopping for and purchasing certain Bath and Body consumer products on that day at that time.

191) Plaintiff MERVIN GONSALVES was ready, willing, and able to enter into contract with BATH AND BODY WORKS DEFENDANTS, but was forcibly prevented from doing so and denied equal access to entering into the contract and remaining at the store, because of the color of his skin, that being dark brown, his race, that being Guyanese descent, and his national origin, that being Guyanese. This treatment was done by BATH AND BODY WORKS DEFENDANTS, specifically LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10.

192) Each of the Defendants knew Plaintiffs' race, color, and national origin and each was aware or should have been aware of Plaintiff's intent to enter into a contract with LAKE SUCCESS BATH AND BODY WORKS and be treated equally and provided equal opportunity as white patrons.

193) As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiffs MERVIN GONSALVES and NALINI MEDINA were deprived of the freedom to enter into a contract without harassment and ridicule, engage in transactions and business on equal terms as

white persons. In addition, Plaintiffs were seized and falsely detained, deprived of their freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation.

194)    In derogation of their duty, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 having the power to do so, failed to administrate, investigate, and review the unjust and wrongful detention of Plaintiffs by Defendants.   Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the Defendant Officers, with respect to false arrest, abuse of process, illegal detainment and wrongful targeting of Plaintiffs NALINI MEDINA and MERVIN GONSALVES.

195)    Said actions by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY

POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 denied the Plaintiffs their Constitutional rights, including but not limited to right to conduct business as white patrons within a store selling consumer products, due process and equal protection under the law. All of these rights are guaranteed to the Plaintiffs under 42 U.S.C. § 1981. Said acts were motivated by race, national origin and/or color, and marked by the conduct of Defendants support the motivation.

196)   As a direct and proximate result of said acts, Plaintiffs were deprived of their freedom, were seriously and permanently injured, and was subjected to great fear, terror, personal humiliation and degradation, suffered great pain and impairment, mental and emotional distress, loss of property and employment, all as a result of the aforesaid unlawful conduct of Defendants.

197)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

198)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 197 of this *Complaint* with the same force and effect as though fully set forth herein.

199)   Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiffs, NALINI MEDINA and MERVIN GONSALVES.

200)   Defendants had a duty not to subject Plaintiffs to false arrest, malicious prosecution, racial targeting, false and improper investigation, false and improper use of the shopkeeper's privilege, constitutional violations, false imprisonment, wrongful institutionalization, summary punishment, charges, battery, forced detention, denial of right to move freely as they wished, hospitalization, and summary punishment or

otherwise abuse Plaintiffs. Defendants, in their actions, breached those duties.

201) Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 violated the Plaintiff's rights secured under the United States Constitution, New York State Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiffs by failing to train, supervise, discipline, and investigate the Defendant Police Officers involved in the instant matter. Likewise BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 were carless, negligent and reckless in the care and treatment of Plaintiffs by failing to train, supervise, discipline and investigate its employees involved in the instant matter.

202) Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE

JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 knew or should have known of Defendant Police Officers and/or Defendant employees' propensities for the conduct which caused substantial and severe injury to the Plaintiffs.

203)   In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely detain, falsely accuse, charge, prosecute and harm Plaintiffs, use illegal detention, abuse of process, falsely accuse, racially target, slander, defame and/or abuse the shopkeeper's privilege or otherwise violate the Constitutional and civil rights of the Plaintiffs, and in that they breached said duty.

204)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A NINTH COUNT
### ASSAULT & BATTERY
### PENDENT JURISDICTION

205)   Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 204 of this *Complaint* with the same force and effect as though fully set forth herein.

206)   Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 having illegally and unlawfully detained Plaintiffs battered, restrained and ignored the pleas for medical assistance of Plaintiff NALINI MEDINA, refused to provide adequate medical care and medical transportation to Plaintiff NALINI MEDINA, continued to violate the rights of both NALINIA MEDINA and MERVIN GONSALVES as well as the laws of the State of New York when while continuing to deprive Plaintiffs with appropriate care and assistance (Nalini Medina) immediately upon restraint. After arrested, Defendant Officers subjected Plaintiffs to additional battery by restraint, arrest and continued detention.

207) Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiffs to suffer imprisonment, detention and restricted Plaintiffs' ability to move freely.

208) Plaintiffs NALINI MEDINA and MERVIN GONSALVES at no time consented to such abuse or seizure of his person by Defendants. Said actions were intentional and aimed at injuring and causing Plaintiffs harm discomfort, pain and humiliation.

209) Plaintiffs was battered, hurt, handled, forcibly restrained, confined and physically abused against their will by Defendants.

210) Upon information and belief, Plaintiffs was battered, hurt, handled, forcibly restrained, confined and physically abused by Defendants on the basis of their race, color and/or national origin.

211) After NALINI MEDINA's restraint, she required immediate medical attention, he became extremely fearful of her life and her son's life, he demanded medical attention but was denied the same by Defendants NASSAU COUNTY, NASSAU COUNTY

POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 and yet Defendant Police Officers continued to subject both Plaintiffs NALINI MEDINA and MERVIN GONSALVES to physical battery, handling, and confinement.

212)   Defendants did restrain, use force and abuse Plaintiffs MERVIN GONSALVES and NALINI MEDINA by placing them in fear of imminent danger and/or bodily harm, and subjected both Plaintiffs to pain and emotional injury by virtue of Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 use of restraint and coercion in their apprehension of false arrest of Plaintiffs.

213)   In the acts complained of herein, each of the Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE

DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not falsely arrest, defame, initiate false criminal process or otherwise violate the Constitutional and civil rights of Plaintiffs and in that they breached said duty.

214)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A TENTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

215)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 214 of this *Complaint* with the same force and effect as though fully set forth herein.

216)   The Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY

POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully restraining, confining, depriving of emergency medical care, and coercing Plaintiffs causing them great distress and emotional agony; (b) falsely arresting, detaining and then filing false charges against Plaintiffs; and (c) concealing, covering up, defaming, slandering summarily punishing and filing criminal charges, and failing to redress the wrongs done to Plaintiffs NALINI MEDINA and MERVIN GONSALVES. As a result, Plaintiffs suffered great pain, emotional degradation, loss of employment, shame, humiliation and anguish.

217)   The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiffs with intent and full knowledge that their conduct would cause severe and extreme emotional and psychological harm to Plaintiffs with such extreme emotional harm being intended.

218)   The Defendants knew or had reason to know that the false charges, false allegations, false imprisonment, racially motivated investigation, false accusation of theft, force and employment of false criminal process against Plaintiffs would result in such harm.

219)   Defendants did fail to investigate, charge or report such employment of false imprisonment, abuse of process, improper use of criminal process to the appropriate authorities but, rather, Defendants began to conspire and cover up such transgressions by summarily punishing, arresting, filing criminal charges and informing Plaintiffs, that no due process would issue but rather that Plaintiffs MERVIN GONSALVES and NALINI MEDINA would be treated as if they were thieves, divested of their property, detained, falsely arrested, falsely investigated, falsely prosecuted and later released without any finding of guilt and no acknowledgement or apology issued for such wrongdoing.

220)   Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiffs suffered and continue to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief.

221)   Plaintiff NALINI MEDINA further suffered the emotional and physical distress of intense stress, anguish, and psychological trauma knowing she was led to believe her son was in danger, harm or imminent harm by Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 in an effort to secure her from her residence in Queens County, New York and bring her to the jurisdiction and control of NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT for a coercive interrogation whereby she was forced to sign a statement

to see her son and/or obtain medical attention.

222)    That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR AN ELEVENTH COUNT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

223)    Plaintiffs repeat and re-allege each and every allegation contained in paragraph 1 through 222 of this *Complaint* with the same force and effect as though fully set forth herein.

224)    The Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully detaining, depriving of property, targeting, confining, defaming and slandering Plaintiffs NALINI MEDINA and MERVIN GONSALVES to cause them great

physical agony; (b) concealing, covering up, and failing to redress the wrongs done to NALINI MEDINA and MERVIN GONSALVES; and (c) falsely arresting and maliciously prosecuting Plaintiffs. As a result, Plaintiffs suffered great pain, shame, humiliation and anguish.

225)  The Defendants committed the above stated reprehensible, extreme and outrageous conduct against Plaintiffs knowing or having reason to know that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs with such extreme emotional harm being the natural and logical consequence of their actions.

226)  The Defendants knew or had reason to know that Plaintiffs NALINI MEDINA and MERVIN GONSALVES were guilty of no wrongdoing.

227)  The Defendants knew or had reason to know that Plaintiffs NALINI MEDINA and MERVIN GONSALVES were and *remain to be* loyal BATH AND BODY WORKS customers yet were treated in such a manner, upon information and belief, because of their dark skin tone, national origin and/or race.

228)  Defendants, individually and collectively, acted knowing or having reason to know in a foreseeable manner that their conduct would cause severe and extreme emotional and physical harm to Plaintiffs, while falsely accusing Plaintiffs of stealing, felony larceny, when Plaintiffs did and intended no such thing, Defendants acted to caused Plaintiffs' extreme emotional harm.

229)  Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiffs suffer and continues to suffer from emotional exhaustion, physical manifestation of symptoms of

anxiety, night terrors, sleep disturbances and grief. Plaintiff NALINI MEDINA further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that she was debilitated, humiliated, and caused to suffer fear for MERVIN GONSALVES's life, well-being, and anguish by the acts of the Defendants

230)   Plaintiff MERVIN GONSALVES further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that he was falsely arrested and divested of his phone for the purpose of instilling fear and to utilize the same stolen property to contact Plaintiff NALINI MEDINA in an effort by Defendants to secure NALINI MEDINA's arrest, cooperation and for her to sign a false statement by the intense psychological coercion of regarding the unknown welfare of her son MERVIN GONSALVES.

231)   That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A TWELFTH COUNT
### FRAUD
### PENDENT JURISDICTION

232)   The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 231 of this Complaint with the same force and effect as though fully set forth herein.

233)   BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK

KHELAWAN, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 fraudulently made representations of fact about what occurred on or about February 19, 2016 and previously when the BATH AND BODY WORKS DEFENDANTS contacted the NASSAU COUNTY POLICE and filed a police report regarding larcenous behavior by Plaintiffs. The representation(s) were clearly false since such representations are unfounded and are not supported by any evidence or any eyewitnesses regarding Plaintiffs' purchase of goods from LAKE SUCCESS BATH AND BODY WORKS or the alleged theft of goods on or about February 19, 2016.

234)   BATH AND BODY WORKS DEFENDANTS knew their representation of fact(s) were false and made the representation recklessly without regard to whether it was true or false. BATH AND BODY WORKS DEFENDANTS made the representation to induce Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 to rely upon it and that Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and THE NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE did rely on these false representations of fact and as a result the Plaintiffs sustained damages.

235)   As a result of this baseless prosecution and abuse of process, Plaintiffs suffered continued emotional damage and has been harmed monetarily in incurring

attorney fees, loss of business opportunities, loss of employment and other expenses incurred in an attempt to clear Plaintiffs' name from these false and maliciously imposed criminal charges. Such acts caused Plaintiffs to suffer multiple injuries including but not limited to lost wages, mental anguish, mental pain and suffering, fear, anxiety, humiliation, embarrassment, loss of future employment, loss of business, incarceration, permanent damage to standing in the community, loss of freedom, loss of support, damage to name and reputation, and other injuries not yet fully ascertained.

236)   The wanton, willfully fraudulent conduct of BATH AND BODY WORKS Defendants was not only morally evil, outrageous, and reprehensible, but also constituted part of a broad pattern of fraudulent conduct. By reason of this conduct, Plaintiff is entitled to punitive damages in the amount of One Million Dollars ($1,000,000.00).

## AS AND FOR A THIRTEENTH COUNT
### AIDING AND ABETTING FRAUD
### PENDENT JURISDICTION

237)   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph 1 through 236 of this Complaint, with the same force and effect as though fully set forth herein.

238)   The BATH AND BODY WORKS DEFENDANTS engaged in conduct to defraud Plaintiff.

239) NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE and NASSAU COUNTY POLICE OFFICERS JOHN

AND JANE DOE # 1-10 supported and knew about the existence of the false claims of theft and larceny being perpetrated against Plaintiffs by the BATH AND BODY WORKS DEFENDANTS.

240)   Each Defendant, NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 provided substantial assistance to advance the fraud perpetrated against Plaintiffs MERVIN GONSALVES and NALINI MEDINA by BATH AND BODY WORKS DEFENDANTS.

241)   Defendants, and each of them, knew that Plaintiffs did not steal, engage in theft, engage in larceny or engage in any wrongdoing whatsoever.

242)   Defendants, and each of them, knew that BATH AND BODY WORKS DEFENDANTS sought to improperly detain Plaintiffs on the basis of their race, color and/or national origin and sought to falsely arrest, detain and prosecute Plaintiffs for false charges for personal satisfaction and/or for financial gain.

243)   As mentioned above, Plaintiffs were deprived of property and monies in this scheme, Plaintiff MERVIN GONSALVES was divested of his ability to work in security

related fields and Plaintiff NALINI MEDINA suffered an invasion of privacy that resulted in the taking of goods from her home.

244)   Defendants, and each of them, knew that the BATH AND BODY WORKS DEFENDANTS sought to and did have Plaintiffs arrested and falsely charged with theft, grand larceny, of LAKE SUCCESS BATH AND BODY WORKS products.

245)   Defendants, NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 affirmatively assisted, helped to conceal, and/or failed to act when required to do so, thereby enabling the fraud to proceed. The actions of the above Defendants were the proximate cause of the harm suffered by the Plaintiffs MERVIN GONSALVES and NALINI MEDINA.

246)   As a direct result of said acts Plaintiffs suffered and continues to suffer distress, humiliation, embarrassment, great financial expense and severe damage to their reputation.

247)   As a result of the Defendants' acts, Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for

mental anguish and humiliation, and that Plaintiffs are entitled to damages sustained to date and continuing in excess of the amount of ONE MILLION ($1,000,000.00) dollars as well as punitive damages, costs and attorney's fees against the Defendants to be held jointly and severally liable.

## AS AND FOR A FOURTEENTH COUNT
### CONSPIRACY TO COMMIT FRAUD
### PENDENT JURISDICTION

248)   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 247 of this Complaint, with the same force and effect as though fully set forth herein.

249)   Defendants, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, and LAKE SUCCESS BATH AND BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 and every one of them conspired, colluded, and acted in concert and with each other and engaged in a widespread pattern of fraudulent activity in an effort to extort money from Plaintiffs and/or summarily punish Plaintiffs.

250) LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE MARK KHELAWAN, whether acting in concert with NASSAU COUNTY and NASSAU COUNTY DEFENDANTS or not, did induce Plaintiffs to enter the LAKE SUCCESS BATH AND BODY WORKS to be falsely detained, arrested, tricked, deceived and coerced by TAMMY RICHARDS and the NASSAU COUNTY DEFENDANTS.

251)    Defendants    NASSAU    COUNTY,    NASSAU    COUNTY    POLICE
LIEUTENANT  VINCENT  E.  POLERA,  NASSAU  COUNTY  POLICE  DETECTIVE
JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE,
NASSAU  COUNTY  POLICE  DETECTIVE  CARL  M.  STRANGE,  NASSAU  COUNTY
POLICE OFFICERS JOHN AND JANE DOE # 1-10 and/or LAKE SUCCESS BATH AND
BODY WORKS EMPLOYEE MARK KHELAWAN led Plaintiff MERVIN GONSALVES to
come to the LAKE SUCCESS BATH AND BODY WORKS under the pretext that he would
be able to purchase a mass quantity of goods from LAKE SUCCESS BATH AND BODY.
Defendant TAMMY RICHARDS furthered such pretext of the mass purchase of goods by
encouraging Plaintiff MERVIN GONSALVES and helping MERVIN GONSALVES pay for
and secure the goods from LAKE SUCCESS BATH AND BODY WORKS.

252)    Defendant TAMMY RICHARDS spoke to Plaintiff MERVIN GONSALVES
and Plaintiff NALINI MEDINA under the guise of preparing goods for Plaintiffs to purchase
when, in reality, Defendant TAMMY RICHARDS was creating a false report of theft in an
effort to have Plaintiffs detained by NASSAU COUNTY DEFENDANTS.

253)    In furtherance of this fraudulent report, Defendant TAMMY RICHARDS
falsely stated to Plaintiffs that she would help prepare consumer goods for purchase and
help physically load such consumer goods so that Plaintiffs could transport the same.
Defendant TAMMY RICHARDS did act in such a manner so that she could prepare this
false report, mislead and/or cooperate with NASSAU COUNTY, NASSAU COUNTY
POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE
JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE,

NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 in creating a false report stating that the Plaintiffs were responsible for stealing property from the LAKE SUCCESS BATH AND BODY WORKS. BATH AND BODY WORKS DEFENDANTS did fabricate that the Plaintiffs were responsible for grand larceny. Upon information and belief, NASSAU COUNTY DEFENDANTS either should have reasonably detected this fraud or cooperated implicitly with Defendant TAMMY RICHARDS and the BATH AND BODY WORKS DEFENDANTS.

254)   BATH AND BODY WORKS DEFENDANTS falsely charged Plaintiffs with theft of LAKE SUCCESS BATH AND BODY WORKS.  As a result of this false claim, on February 19, 2017, Plaintiffs were arrested by the Defendants NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and prosecuted by NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

255)   DEFENDANT TAMMY RICHARDS falsely accused Plaintiffs of stealing from their stores and falsely accused Plaintiffs grand larceny.  As a result of this false claim, on February 19, 2017, Plaintiff was arrested by the Defendant NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT, and prosecuted by NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

256) In support of their false claim of theft, BATH AND BODY WORKS DEFENDANTS utilized the report prepared by TAMMY RICHARDS which falsely indicated that Plaintiffs intended steal to and/or did steal property from DEFENDANT LAKE SUCCESS BATH AND BODY WORKS.

257) In support of their false claim of theft, BATH AND BODY WORKS DEFENDANTS, upon information and belief, utilized the report prepared by NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 which falsely indicated that Plaintiffs intended steal to and/or did steal property from DEFENDANT LAKE SUCCESS BATH AND BODY WORKS.

258) BATH AND BODY WORKS DEFENDANTS did conspire with one another and/or did conspire with, upon information and belief, NASSAU COUNTY, NASSAU COUNTY POLICE LIEUTENANT VINCENT E. POLERA, NASSAU COUNTY POLICE DETECTIVE JEFFREY P. RIOS (#1041), NASSAU COUNTY POLICE DETECTIVE SGT. SCALONE, NASSAU COUNTY POLICE DETECTIVE CARL M. STRANGE and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 to falsely imprison and obtain money/property from Plaintiffs to which Defendants had no legal right.

259) But for the fraudulent misrepresentations and acts of concealment of the Defendants, Plaintiffs would not have been arrested by the NASSAU COUNTY

DEFENDANTS and prosecuted by the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE based on fraudulent theft allegations, fraudulent documents and/or fraudulent statements to support BATH AND BODY WORKS DEFENDANTS' theft allegations.

260)   As a direct result of said acts Plaintiffs suffered and continue to suffer distress, humiliation, embarrassment, great financial expense and severe damage to his reputation.

261)   As a result of the Defendants' acts, Plaintiffs are suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that Plaintiffs are entitled to damages sustained to date and continuing in excess of the amount of ONE MILLION ($1,000,000.00) dollars as well as punitive damages, costs and attorney's fees against the Defendants to be held jointly and severally liable.

## AS AND FOR A FIFTEENTH COUNT
### DEFAMATION
### PENDENT JURISDICTION

262)   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 261 of this Complaint, with the same force and effect as though fully set forth herein.

263)   The Plaintiff, MERVIN GONSALVES, was followed, stopped, detained, manhandled, accused of being a criminal, interrogated by police officers in full view and presence of other customers at LAKE SUCCESS BATH AND BODY WORKS. Plaintiff Nalini Medina was stopped, detained, manhandled, accused of being a criminal, interrogated by police officers within her home and the curtilage of the property in view of

neighbors and onlookers.

264) Defendants, collectively, stated that the Plaintiffs were thieves, responsible for theft and responsible for a crime. The actual statements and symbolic statements through wrongful conduct were made by Defendants, each of whom knew or should have known that the statements were false; to wit, that the Plaintiffs were not criminals and/or in possession of stolen items or involved in the theft of items.

265) The Defendants made false statements of fact about the Plaintiffs, by accusing and attempting to have Plaintiffs arrested. Ultimately, Defendants were successful in the arrest of Plaintiffs.

266) All of the above allegations and statements of fact were false, and the Defendants knew or should have known of this falsity.

267) As a result of the actual, symbolic and official statements made by the Defendants in their wrongful arrest, charging and prosecution, of Plaintiffs, Plaintiffs suffered great harm and damage to their reputation in the community and professional life, to wit, Plaintiffs were made to appear to be involved in criminal activity.

268) Whereas, as a result of said defamation, Plaintiffs continue to suffer from humiliation, loss of standing in the community, loss of self-esteem and public esteem, public disgrace and severe/extreme emotional distress and loss of standing in the professional community.

269) Whereas, as a result of said defamation, Plaintiff MERVIN GONSALVES was divested of his security license and ability to work in the security field.

270)  By reason of the foregoing, Plaintiffs have been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR A SIXTEENTH COUNT
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY – BATH AND BODY WORKS
## PENDENT JURISDICTION

271)    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 270 of this Complaint, with the same force and effect as though fully set forth herein.

272)    The BATH AND BODY WORKS DEFENDANTS had an affirmative duty to prevent and cease the false imprisonment, defamation, false accusations, negligent acts, reckless acts, intentional acts, of its members, employees, agents, and representatives, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN and LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 who violated the Plaintiffs while performing the job and within the scope of their duties.

273)    Defendant, BATH AND BODY WORKS DEFENDANTS had an affirmative duty to investigate, supervise and discipline its members, employees, agents, and representatives,.and prevent other wrongful acts that were committed against Plaintiff NALINI MEDINA and MERVIN GONSALVES by LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 while acting within the scope of their employment/duties.

274)   Defendants BATH AND BODY WORKS, LLC and LAKE SUCCESS BATH AND BODY WORKS had a duty to train its employees including but not limited to LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10.

275)   In actively causing and failing to prevent the above stated abuses of its employees, the BATH AND BODY WORKS DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to refrain from or prevent the above stated acts against the Plaintiffs.

276)   In failing to reprimand Defendants LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 for their above-stated abuses against MERVIN GONSALVES and NALINI MEDINA, the BATH AND BODY WORKS DEFENDANTS: [ 1 ] acted unreasonably, recklessly,and negligently in failing to exercise the slightest amount of due care to protect others such as the Plaintiffs to insure that said acts would not occur; and [2] ratified LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 negligent, intentional, malicious, and reckless acts.

277)   The breach of duty by BATH AND BODY WORKS DEFENDANTS was a direct and proximate cause of the harm suffered by Plaintiffs NALINI MEDINA and

MERVIN GONSALVES. Said harm includes pain and suffering which continues to this day, monetary expenses, legal costs, personal humiliation, damage to reputation, severe emotional and psychological damage.

278)   Defendants BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 knew and had to reason to know that its adoption of policies, practices, guidelines, rules, procedures and/or customs of targeting customers or potential customers, upon information and belief, persons on the basis of race, color and/or national origin as perpetrators of theft was baseless and was likely to result in false detentions, false arrests, false allegations and tortious behavior.

279)   Defendants BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 knew and had to reason to know that its adoption of policies, practices, guidelines, rules, procedures and/or customs of targeting customers and here Plaintiffs, upon information and belief, on the basis of race, color and/or national origin as perpetrators of theft and criminal activity was likely to result in Plaintiffs false arrest, malicious prosecution and the probable results of having to defend oneself against false criminal charges.

280)   Specifically, Defendants BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS, LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10 knew and had to reason to know that Plaintiffs were not guilty of any wrongdoing, however, upon information and belief, Plaintiffs were targeted for false arrest and subsequent false criminal charges on the basis of race, color and/or national origin.

281)    For the above reasons, BATH AND BODY WORKS, LLC, LAKE SUCCESS BATH AND BODY WORKS and L BRAND CORPORATION is therefore vicariously liable for all of the intentional, negligent, and reckless acts of LAKE SUCCESS BATH AND BODY WORKS EMPLOYEE TAMMY RICHARDS, AND LAKE SUCCESS BATH, BODY WORKS EMPLOYEE MARK KHELAWAN, LAKE SUCCESS BATH, and BODY WORKS EMPLOYEES JOHN AND JANE DOE # 1-10

282)   By reason of the foregoing, Plaintiff has been damaged in the sum of one Million Dollars ($1,000,000.00).

### AS AND FOR A SEVENTEENTH COUNT
### NEW YORK STATE EXECUTIVE LAW (Human Rights Law § 296)
### PENDENT JURISDICTION

283)    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 282 of this Complaint, with the same force and effect as though fully set forth herein.

284)    On February 19, 2016, Plaintiff Mervin Gonsalves, sought accommodations

to conduct business with Defendants LAKE SUCCESS BATH AND BODY WORKS, located at LAKE SUCCESS SHOPPING CENTER, 1512 UNION TURNPIKE, NEW HYDE PARK, NY 11040, in the County of Nassau.

285)   Plaintiff MERVIN GONSALVES and Plaintiff NALINI MEDINA were clear about their intentions and made same known to BATH AND BODY WORKS DEFENDANTS in that Mervin Gonsalves sought accommodations to conduct business with BATH AND BODY WORKS Defendants by attempting to purchase consumer goods on that day at that time.

286)   Plaintiff Mervin Gonsalves was ready, willing, and able to conduct said business with BATH AND BODY WORKS DEFENDANTS but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit BATH AND BODY WORKS DEFENDANTS, because of the color of his skin, that being dark brown, his race, that being Guyanese descent, and his national origin, that being Guyanese.

287)   Defendants knew Plaintiffs' race, color, and national origin and each was aware or should have been aware of Plaintiff's intent to conduct business and seek basic accommodations from LAKE SUCCESS BATH AND BODY WORKS, and be treated equally and provided equal opportunity as white patrons. However, Defendants, and all of them, denied MERVIN GONSALVES and NALINI MEDINA full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations due to their race, color, and national origin.

288) As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiffs MERVIN GONSALVES and NALINI MEDINA were deprived of the freedom to enter into a contract without harassment and ridicule, engage in transactions and business on equal terms as white persons. In addition, Plaintiffs were seized and falsely detained, deprived of their freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation.

289)   By reason of the foregoing, Plaintiffs are entitled to damages sustained to date and continuing in excess of the amount of ONE MILLION ($1,000,000.00) dollars as well as punitive damages, costs and attorney's fees against the Defendants to be held jointly and severally liable.

## AS AND FOR AN EIGHTEENTH COUNT
### NEW YORK STATE CIVIL RIGHTS LAW § 40
### PENDENT JURISDICTION

290)   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 289 of this Complaint, with the same force and effect as though fully set forth herein.

291)   Upon the filing of this action, a copy is being served on the Office of the Attorney General.

292)   On February 19, 2016, Plaintiff Mervin Gonsalves, sought accommodations to conduct business with Defendants LAKE SUCCESS BATH AND BODY WORKS, located at LAKE SUCCESS SHOPPING CENTER, 1512 UNION TURNPIKE, NEW HYDE PARK, NY 11040, in the County of Nassau.

293)    Plaintiff MERVIN GONSALVES and Plaintiff NALINI MEDINA was clear about their intentions and made same known to BATH AND BODY WORKS Defendants in that Mervin Gonsalves sought accommodations to conduct business with BATH AND BODY WORKS Defendants by attempting to purchase consumer goods on that day at that time.

294)    Plaintiff MERVIN GONSALVES was ready, willing, and able to conduct said business with BATH AND BODY WORKS DEFENDANTS but was forcibly prevented from conducting business and denied equal access to public accommodations made available to white persons/customers that visit BATH AND BODY WORKS DEFENDANTS, because of the color of his skin, that being dark brown, his race, that being Guyanese descent, and his national origin, that being Guyanese.

295)    Plaintiffs were denied full and equal accommodations, advantages, facilities and privileges as provided by Defendants to non Guyanese and non-Guyanese persons.

296)    As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiffs were prevented from receiving equal accommodations as provided to white persons and were prevented from engaging in transactions and business on equal terms as white persons. Instead, Plaintiffs were seized and falsely detained, deprived of his freedom, was subjected to search seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation.

297)    By reason of the foregoing, Plaintiffs are entitled to damages sustained to date and continuing in excess of the amount of ONE MILLION ($1,000,000.00) dollars as

well as punitive damages, costs and attorney's fees against the Defendants to be held jointly and severally liable.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.    on the First Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

b.    on the Second Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

c.    on the Third Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

d.    on the Fourth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

e.    on the Fifth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

f.    on the Sixth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

g.    on the Seventh Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

h.    on the Eighth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

i.    on the Ninth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

j.    on the Tenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

k.    on the Eleventh Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

l.    on the Twelfth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

m.    on the Thirteenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

n.    on the Fourteenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

o.    on the Fifteenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

p.     on the Sixteenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

q.     on the Seventeenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

r.     on the Eighteenth Count in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

s.     Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

t.     Award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. § 1988;

u.     Declaratory Judgment that defendants willfully violated plaintiff's rights secured by federal and state law as alleged herein;

v.     Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

w.     Award such other and further relief as this Court may deem appropriate.


**A JURY TRIAL IS HEREBY DEMANDED**

Dated:   Suffolk, New York
         February 19, 2017

                                        Respectfully submitted,

                                        THE LAW OFFICES OF
                                        CORY H. MORRIS


                              By:    _____/S/_____
                                     *Attorney(s) for Plaintiff*
                                     **CORY H. MORRIS, P.C.**
                                     **CORY MORRIS, ESQ. (CM5225)**
                                     **33 WALT WHITMAN RD, SUITE 310**
                                     **DIX HILLS, NEW YORK 11746**