

HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

RYAN P. PHAIR
DIRECT DIAL: 202 • 955 • 1921
EMAIL: rphair@hunton.com

January 17, 2018

**VIA ECF AND U.S. MAIL**

Magistrate Judge Arlene R. Lindsay
100 Federal Plaza
Courtroom 810
Central Islip, NY 11722

Re:   Bath & Body Works Defendants' Opposition to Plaintiffs' Motion to Compel Discovery in *Gonsalves v. Nassau County et al.*, Case No. 17-cv-944

Dear Magistrate Judge Lindsay:

Bath & Body Works Defendants submit this letter in response to Plaintiffs' Motion to Compel Discovery, Dkt. No. 60 ("Plaintiffs' Motion").

Plaintiffs' Motion fails to comply with Local Civil Rule 37.1, which mandates that in any motion under Federal Rule of Civil Procedure 37, "the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." Plaintiffs' Motion "is capable of being rejected on that basis alone." *Williams v. Fire Sprinkler Assocs. Inc.*, No. CV 15-3147(ADS)(AKT), 2017 WL 1155771, at *2 (E.D.N.Y. Mar. 27, 2017); *see also Sibley v. Choice Hotels Int'l*, No. CV 14-634 (JS)(AYS), 2015 WL 9413101, at *7 (E.D.N.Y. Dec. 22, 2015) (denying motion to compel for failure to comply with Local Civil Rule 37.1).

It goes unmentioned in Plaintiffs' Motion that Bath & Body Works Defendants have served timely objections and responses to Plaintiffs' requests articulating *multiple* objections to the requests, and also offering to meet and confer with Plaintiffs to narrow their overbroad requests so that Bath & Body Works Defendants can meaningfully respond to them.[1] Plaintiffs, however, have refused to work with Bath & Body Works Defendants to address such concerns and/or narrow their overbroad and often confusing requests. Instead, they have moved *en masse*

---

[1] Because Plaintiffs have not specified which discovery they are moving to compel, Bath & Body Works Defendants cannot list their specific responses and objections to those requests. However, Bath & Body Works Defendants have timely responded to all of Plaintiffs' discovery requests with objections and responses, including answers to all of Plaintiffs' requests for admission as required by Federal Rule of Civil Procedure 36(3), and answers to many of Plaintiffs' interrogatories. *See* Pls.' Reqs. For Admis. & Doc. Demands (Sept. 25, 2017), Ex. A; Defs.' Objs. & Resps. to Pls.' Reqs. For Admis. & Doc Demands (Dec. 22, 2017), Ex. B; Pls.' First Set of Doc. Demands (Dec. 2, 2017), Ex. C; Defs.' Objs. & Resps. to Pls.' First Set of Doc. Demands (Jan. 5, 2018), Ex. D; Pls.' First Set of Interrogs. (Dec. 11, 2017), Ex. E; Defs.' Objs. & Resps. to Pls.' First Set of Interrogs. (Jan 10, 2018), Ex. F.



Magistrate Judge Lindsay
January 17, 2018
Page 2

to compel **all** of the voluminous discovery they seek. Whereas these disputes are typically worked out between the parties, in good faith, and the Bath & Body Works Defendants have repeatedly advised Plaintiffs of their willingness to do so, Plaintiffs have elected to prematurely seek this Court's intervention. Simply put, this is an issue that the parties can—and should—be able to work out amongst themselves without needlessly burdening the Court, but Plaintiffs have flatly refused to do so.

To take just one illustrative example, Plaintiffs' Document Request No. 1 states: "Produce all relevant electronically stored e-mails, letters, notes, correspondence, memoranda, and calendar entries from personal computer(s), laptop computer(s), home desktop computer(s), cellular phone(s), personal digital assistant(s), or any other device with such storage capabilities." Pls.' First Set of Doc. Demands (Dec. 2, 2017), Ex. C. In other words, Plaintiffs have requested that Bath & Body Works Defendants produced "all relevant" documents without specifying what, specifically, they are requesting and what they deem to be relevant to their Amended Complaint. Accordingly, Bath & Body Works Defendants specifically objected to the request as overbroad and for failing to describe the category of items requested with "reasonable particularity." *See, e.g., Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394(AJN)(BCM), 2016 WL 4613390, at *10 n.8 (S.D.N.Y. Aug. 31, 2016) (finding requests asking for "all written statements or transcripts 'that relate[] to the Litigation, or any matter that is or may be relevant to the Litigation'" violate Fed. R. Civ. P. 34(b)(1)(A)). Nonetheless, Bath & Body Works Defendants have repeatedly advised Plaintiffs that they would be willing to work with Plaintiffs to reach an accord on what is "relevant" and also come to an agreement on reasonable search terms, time limits, and custodians for electronic discovery. Defs.' Objs. & Resps. to Pls.' Doc. Demand No. 1 (Jan. 5, 2018), Ex. D. But rather than meet and confer with Bath & Body Works Defendants to discuss this issue,[2] Plaintiffs sought Court intervention and moved to compel all "outstanding" discovery even though they have done nothing to clarify what that discovery would even look like in light of their requests and Bath & Body Works Defendants' objections.

---

[2] The parties have met and conferred on the issue of a protective order several times, which has been followed up by written correspondence. In the morning before Plaintiffs filed their motion to compel, counsel for Bath & Body Works Defendants sent a letter to Plaintiffs' counsel indicating that if Plaintiffs were not willing to moderate their position on the protective order issue, Bath & Body Works Defendants would have to file a motion for protective order. Jan. 11, 2018 Letter, Ex. G. Plaintiffs responded by filing the current insufficient Motion to Compel. Bath & Body Works Defendants have since filed a Motion for Protective Order, Dkt. No. 61, which details the necessary protections for confidential, sensitive, and proprietary information Plaintiffs appear to seek in this case.

HUNTON&
WILLIAMS

Magistrate Judge Lindsay
January 17, 2018
Page 3

   For the many reasons listed above, in Bath & Body Works Defendants' objections to Plaintiffs' requests, and in Bath & Body Works Defendants' Motion for Protective Order, Bath & Body Works Defendants cannot produce documents until a protective order is in place to protect confidential and sensitive information and until a better understanding of what documents Plaintiffs are actually seeking is provided. But, once such documents are produced, Bath & Body Works Defendants will of course also produce a corresponding privilege log listing any document withheld from production. This is common practice and plainly does not waive any privilege. *See Carson Optical, Inc. v. Prym Consumer USA, Inc.*, No. CV 11-3677(SJF)(ARL), 2012 WL 7997611, at *1 (E.D.N.Y. Sept. 7, 2012) (denying request to find privilege waived where Defendants represented that they would produce a privilege log once documents are produced and citing Local Civil Rule 26.2). Otherwise, Bath & Body Works Defendants would be obligated to put the cart before the horse and ascertain which privileged documents must be logged before they know which documents are "relevant" and must be produced.

   Plaintiffs' Motion is unclear as to what basis they could possibly have to move for sanctions, and indeed there is none. Plaintiffs cite Federal Rule of Civil Procedure 37(b), but that section is inapplicable because there is no Court order at issue here. Plaintiffs also mention disclosures under Rule 26, but do not specify what disclosures they have in mind. Bath & Body Works Defendants timely made the required Rule 26(a)(1) disclosures and in fact recently supplemented such disclosures under Rule 26(e), so there is no basis for sanctions under Rule 37(c) either. Defs.' Rule 26(a) Initial Disclosures (Sept. 18, 2017), Ex. H; Defs.' Suppl. Rule 26(a) Disclosures (Jan. 10, 2018), Ex. I. Insofar as Plaintiffs argue for sanctions under any other provision of Rule 37, such sanctions are improper because Bath & Body Works Defendants served timely answers, responses, and objections to Plaintiffs' discovery requests and have even gone so far as to agree to meet and confer with Plaintiffs to attempt to narrow Plaintiffs' overbroad discovery requests.

   Plaintiffs' Motion to Compel Discovery is without basis, needless, and suffers from the same overbreadth and lack of specificity that pervade Plaintiffs' discovery requests. Bath & Body Works Defendants ask that the Court deny Plaintiffs' Motion to Compel Discovery and order the parties to go back and work their way through the meet and confer process cooperatively, in good faith, to identify what specific documents Plaintiffs are requesting and what, if anything, is still in dispute. If there any specific disputes remaining after that process is completed, the parties can bring the matter back to the Court's attention, which will enable the Court to adjudicate concrete disputes rather than ruling in omnibus fashion as Plaintiffs request.



Magistrate Judge Lindsay
January 17, 2018
Page 4

                                                        Respectfully submitted,

                                                        */s/ Ryan P. Phair*

                                                        Ryan P. Phair (admitted *pro hac vice*)
                                                        Torsten M. Kracht
                                                        HUNTON & WILLIAMS LLP
                                                        2200 Pennsylvania Ave NW
                                                        Washington, DC 20037
                                                        rphair@hunton.com
                                                        tkracht@hunton.com

                                                        *Attorneys for Defendants L Brands, Inc.,*
                                                        *Bath & Body Works, LLC, Lake Success*
                                                        *Bath & Body Works, and Tammy*
                                                        *Richards*

cc:      Cory H. Morris
          *Attorney for Plaintiffs* (via ECF)

          James R. Scott and John A. Genua
          *Attorneys for Defendants Nassau County, Vincent E. Polera,*
          *Jeffrey P. Rios, Sgt. Scalone, and Carl M. Strange* (via ECF)