

## Via Electronic Case Filing

April 18, 2018

(*Via E-mail*)

| | |
|---|---|
| Emily K. Bolles, | ebolles@huntonak.com |
| Ryan P. Phair, | rphair@huntonak.com |
| John A. Genua | genua@nassaucountyny.gov |

Hon. Arlene R. Lindsay, USMJ/EDNY
100 Federal Plaza
Courtroom 810
Central Islip, NY 11722          Docket No:     2:17-cv-00944 (SJF)(ARL)

re     *Mervin Gonsalves* and *Nalini Medina*   v.   *Bath & Body Works, et al*
ISSUE:     Preliminary response to Defendants' Motion for Protective Order

Dear Judge Lindsay:

In accordance with your suggestions, and in a good faith effort to resolve discovery without unduly burdening this Court with motion practice, we are, by this short form letter memorandum, advising your Honor that Plaintiffs have revised their original First Set of Interrogatories (enclosed hereto) so that any issues with reference to the need for some kind of *general* protective order have been eliminated.

In the "General Instructions" the defendants are provided with straightforward, uncomplicated procedures for raising claims of privilege and confidentiality in sections entitled respectively, "Claims of privilege" and "Claims of confidentiality."

Further effort to eliminate the confusion and misunderstanding which has characterized almost all of the efforts by Counsel for the Defendants (representing L Brand, Bath and Body Works, etc.; hereinafter "Defendants") to obtain a General Protective Order which places an onerous burden upon Counsel for the Plaintiffs to object to each claim of confidentiality. As this court is well aware, one of the key issues in modern discovery since the amendment of Rule 26 in 2015 has been "proportionality."

In this case, the Defendants are a $12.4 billion public corporation represented by a large multinational law firm with over 1,000 attorneys in offices throughout the world and the two individual Plaintiffs, a mother and her son, earned approximately $5,000 per month from the sale of Defendants' products.

There is no question that certain information, the subject of Interrogatories 11, 12, 13, and 14 of Plaintiffs First Set of Interrogatories may appropriately be the subject of a carefully drafted protective order. In the Revised First Set of Interrogatories, Plaintiffs have indicated in those interrogatories that the responses may claim protection under the appropriate Order. To the extent that the Defendants are seeking to withhold documentation on the basis of privilege or confidentiality in response to Plaintiffs' Document Demands, the appropriate identification of documentation sought to be withheld on such grounds, consistent with Federal Rule of Civil Procedure 34, as amended, would provide Plaintiffs an appropriate opportunity to determine whether such documentation should be subject to a protective order. To that end, Counsel for the Plaintiffs has submitted a fair and reasonable Stipulation and Order Regarding Protected Information.

The only significant difference between the proposed Order submitted by Counsel for the Defendants and a more reasonable and "proportional" Order is ¶ 2 thereof, which limits the *general* order of protection to "such material directly reveals customer information, loss prevention information, proprietary business information or employee information not relevant to this litigation."

Plaintiffs have no objection to reviewing such information if it is relevant and produced by Defendants in response to Plaintiffs' Interrogatories subject to a protective order. However, Counsel for the Plaintiffs continues to object to any blanket general order of protection which covers all discovery materials and requires the Plaintiffs to incur the disproportionate cost and expense of seeking to lift the protection for the majority of the information and materials sought in their Interrogatories numbered "1" through "10" with the concomitant imposition upon the time and resources of this Honorable Court.

If the proposed Stipulation and Order regarding Protected Information we submit here with is acceptable to the Defendants, they should withdraw their motion immediately, make appropriate response to the Interrogatories which have been propounded by the Plaintiffs and proceed with all dispatch to complete discovery by producing the witnesses Plaintiffs have been seeking to depose for months now.

Defendants have this day filed a notice to take the deposition of the Plaintiff Nalini Medina and we intend to cooperate with expeditiously completing that deposition.

Otherwise, we will file a formal response to Defendants motion by Monday, 23 April 2018.

Respectfully,

Cory H. Morris
*Attorney for the Plaintiffs*